IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA M. PRESTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3010-E-BN |
| | § | |
| ROMARK LOGISTICS, INC. and | § | |
| LUXOR STAFFING, INC., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Angela M. Preston filed a *pro se* complaint alleging claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964. *See* Dkt. No. 3. Preston also moved for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. And United States District Judge Ada Brown referred Preston's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the complaint, the undersigned recommends that the Court grant for purposes of screening the IFP motion and then dismiss Preston's lawsuit for the reasons and to the extent set out below.

**Legal Standards**

Where a plaintiff is proceeding IFP, the Court must "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil

Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Under this standard, a *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face" – and a plaintiff must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 555 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

So a court's "obligation [is] to accept [the] complaint's factual allegations as true and assess whether those facts permit a reasonable inference that [a defendant] is liable." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.,*

*Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions.

So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

Summed up, "to survive" dismissal under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal

construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

And "[a] complaint is 'subject to dismissal if its allegations affirmatively demonstrate that the plaintiff's claims are barred by the statute of limitations and fail to raise some basis for tolling.'" *Jenkins v. Tahmahkera*, 151 F.4th 739, 747 (5th Cir. 2025) (quoting *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) (en banc) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007))); *accord Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) ("'[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous pursuant to § 1915(e)." (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993))).

## Analysis

The Court should start with limitations.

Under Title VII, "a plaintiff has 90 days to bring suit in federal court after receipt of a statutory notice of right to sue from the EEOC." *Boyd v. AT&T Mobility Servs LLC*, No. 3:23-cv-2882-D, 2024 WL 3952586, at *2 (N.D. Tex. Aug. 27, 2024) (citing 42 U.S.C. § 2000e-5(f)(1); *January v. Tex. Dep't of Crim. Justice*, 760 F. App'x 296, 299 (5th Cir. 2019) (per curiam) ("Under Title VII, the ADA, and the ADEA, a plaintiff has ninety days to bring suit in federal court after receipt of a statutory notice of right to sue from the EEOC."); citations omitted).

"The 90-day period is treated 'as a statute of limitations.' *See Espinoza v. Mo.*

*Pac. R.R. Co.,* 754 F.2d 1247, 1248 n.1 (5th Cir. 1985) ('[C]ommencing an action within ninety days of receipt of a right-to-sue letter is not a jurisdictional prerequisite; rather, the ninety-day requirement is akin to a statute of limitations.'); *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 379 (5th Cir. 2002) (characterizing 90-day period under Title VII as a 'limitation period')." *Id.*

"The 90-day limitations period is 'strictly construed,' and courts routinely dismiss claims that are filed after the limitations period expires, even if they are filed only one day late." *Id.* (citations omitted).

Preston dates her complaint October 5, 2025. *See* Dkt. No. 3 at 2. But she filed it on November 5, 2025. *See* Dkt. No. 1.

And, while Preston concludes that the complaint is brought "within 90 days of receiving her Right to Sue Notice," Dkt. No. 3 at 1, she fails to allege when she received this notice, dated July 29, 2025, *see id.* at 5.

"When a plaintiff fails to allege the specific date that she received the right-to-sue letter and the date the letter was received is unknown, a presumption of receipt is appropriate." *Dorest v. Piney Point Surgical Ctr.,* No. 4:10-cv-03908, 2011 WL 2633575, at *2 (S.D. Tex. July 5, 2011) (cleaned up).

And, "[i]n the Fifth Circuit, there is a presumption that a party receives the right-to-sue notice three days after it is mailed." *Id.*

Based on the well-pleaded allegations, then, Preston had until October 30, 2025 to file a timely complaint. And, so, Preston's claims must be dismissed with prejudice as time barred unless the statute of limitations should be tolled.

Preston fails to allege that it should be.

But, to the extent that Preston may seek to amend her complaint (see below), "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

"'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a [litigant] did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (cleaned up; quoting *Holland*, 560 U.S. at 653).

But, even if Preston's current complaint could be considered timely – or even if the Court allows Preston to amend her complaint to plausibly allege equitable tolling – Preston still has not alleged plausible claims under Title VII.

So her complaint should still be dismissed under Section 1915(e)(2)(B)(ii).

When a court applies the applicable pleading standards to a Title VII claim, the complaint "need not contain specific facts establishing a prima facie case of discrimination[ or retaliation] under the framework set forth ... in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (cleaned up); *accord Hamilton v. Dall. Cnty.*, 79 F.4th 494, 502 n.45 (5th Cir. 2023) (en banc).

"But a plaintiff is still required to plead sufficient facts *on all of the ultimate elements* of [each] claim." *Norsworthy*, 70 F.4th at 336 (cleaned up; emphasis in original); *accord Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *4 (5th Cir. Oct. 8, 2024) (per curiam) (same as to retaliation).

And, at this stage, "a plaintiff must plead two 'ultimate elements' in order 'to support a disparate treatment claim … : (1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* [a] protected status.'" *Thomas v. Dall. Indep. Sch. Dist.*, No. 23-10882, 2024 WL 2874367, at *4 (5th Cir. June 7, 2024) (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019); emphasis in *Cicalese*).

That is,

> [a] complaint need not allege each prong of the prima facie test for disparate treatment … ; to support a disparate treatment … , though, it must plausibly set out facts that the defendant took the adverse employment action against a plaintiff *because of* [a] protected status. [Accordingly, a] plaintiff must allege facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's protected status] or that [the employer] treated similarly situated employees [not of the plaintiff's protected status] more favorably.

*Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. Nov. 24, 2021) (per curiam) (cleaned up; emphasis in original).

"Similarly, for a retaliation claim, a plaintiff only needs to plausibly 'allege facts going to the ultimate elements of the claim to survive'" dismissal based on the pleadings. *Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *4 (5th Cir. Oct. 8, 2024) (per curiam) (quoting *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021)).

And those "ultimate elements" are "that 1) [the plaintiff] engaged in protected

activity, 2) she suffered an adverse employment action, and 3) a causal link exists between the protected activity and the adverse employment action." *Wright*, 990 F.3d at 433 (cleaned up).

In support of her discrimination claim based on sex, *see* Dkt. No. 3 at 2, Preston concludes that, "[d]espite completing her application and multiple interviews, she was continuously denied permanent employment while male and other workers were favored," *id.* at 1. In support of this conclusion, Preston further asserts that

> [t]here were two female drivers (Alicia and Krista) who were overheard saying they would make sure I would not get hired. Months went by, and Toya [in HR] never switched me over [to a permanent position]. Jonathan, Aaron, Bart, and Rick were all upper management. I was told by Jonathan that he did not know why Toya kept interviewing me and delaying the process. After multiple interviews and over 480 hours worked, Toya still did not approve my paperwork. Other employees did not have to go through this process. I believe this was discrimination.

*Id.* at 3.

These conclusions and assertions fail to plausibly allege – that is, provide factual allegations that permit the Court to reasonably infer – that any adverse act against Preston was because of the alleged protected status, her gender.

The same is true as to retaliation, where Preston has alleged that, the day after she "reported to Jonathan that someone stole [her] food," which Adam and Bart "confirmed" by "check[ing] the cameras," she was "told [her] assignment ended and not to return." Dkt. No. 3 at 3.

42 U.S.C. § 2000e-3(a), "[t]he antiretaliation provision of Title VII[,] prohibits an employer from discriminating against an employee or job applicant because that individual opposed any practice made unlawful by Title VII or made a charge,

- 8 -

testified, assisted, or participated in a Title VII proceeding or investigation." *Ayorinde v. Team Indus. Servs. Inc.*, 121 F.4th 500, 507-08 (5th Cir. 2024) (quoting *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 576-77 (5th Cir. 2020), as revised (Aug. 14, 2020)).

And, while internal complaints may constitute a protected activity for purposes of a retaliation claim, such complaints still must oppose a practice made unlawful by Title VII – for example, an allegation that the plaintiff was retaliated against for opposing an act that the plaintiff reasonably believed constituted discrimination based on a protected status could count – but not an allegation that a plaintiff was retaliated against for opposing just any workplace problem or behavior. *See, e.g.*, *Daniel v. Logoplaste*, No. 3:25-cv-250-E, 2025 WL 2632402, at *7-*8 (N.D. Tex. July 30, 2025) ("Complaining about workplace safety does not, without more, qualify as a protected activity." (citing *Rodriguez v. Wal-Mart Stores, Inc.*, 540 F. App'x 322, 328 (5th Cir. 2013) (per curiam) ("An employee that files an internal complaint of discrimination engages in a protected activity." (citing *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 194 (5th Cir. 2001))); *Walker v. Univ. of Tex. Med. Branch – Galveston*, No. 3:17-CV-00313, 2018 WL 3850827, at *4 (S.D. Tex. July 3, 2018) (noting that courts in this circuit "uniformly hold that an informal complaint must reference a discriminatory practice to constitute a protected activity" (citations omitted)), *rec. adopted*, 2018 WL 3844691 (S.D. Tex. Aug. 13, 2018); *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (per curiam) ("Magic words are not required, but protected opposition must at least alert an employer to the employee's

- 9 -

reasonable belief that unlawful discrimination is at issue." (collecting cases))), *rec. accepted*, 2025 WL 2394084 (N.D. Tex. Aug. 18, 2025).

Under these standards, complaining that someone stole your lunch is not a protected activity.

The Court should therefore dismiss Preston's claims even if they are somehow considered timely.

That said, the opportunity to file objections to these findings, conclusions, and recommendation (as further explained below) allows Preston an opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

And the Court should dismiss this lawsuit with prejudice if Preston fails to timely file objections that show a basis to amend to allege a claim that is plausible and not time barred.

## Recommendation

The Court should grant Plaintiff Angela M. Preston leave to proceed *in forma pauperis* and dismiss her complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because the claims are facially time-barred and not plausibly pleaded.

- 10 -

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 11, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE